IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EDDIE CLEVELAND, et al.                                                       PLAINTIFFS

VS.                                              CIVIL ACTION NO. 3:09cv142-DPJ-FKB

WAL-MART STORES, INC.                                                         DEFENDANT

ORDER

This cause is before the court on motions by Plaintiffs for leave to designate experts out of time. Having considered the motions, responses, and replies, the court concludes for the reasons stated that the motions should be granted but that Defendant should be awarded its reasonable fees and costs associated with responding to Plaintiffs' motions on this issue. Defendant will likewise be awarded its future reasonable fees and costs associated with any supplementations as to existing defense experts and any designations of additional defense experts whose testimony is necessary to rebut that of Plaintiffs' new experts.

In their first motion, Plaintiffs seek leave to designate a medical expert out of time. Plaintiffs' request results from the fact that during his deposition, Dr. Michael Dulske, Eddie Cleveland's treating physician, testified that Cleveland's current pain and limitations result not from the accident which is the subject of this lawsuit but, rather, from a prior injury and/or prior conditions. Plaintiffs contend that this opinion was a complete surprise to them and that they need additional time to designate a new medical expert.

A decision as to whether to allow an out-of-time designation is guided by consideration of four factors: (1) The explanation for the party's failure to timely designate

an expert; (2) the importance of the testimony; (3) the potential prejudice to the other party in allowing the testimony of the late-designated expert; and (4) the availability of a continuance to cure the prejudice.  *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).  The first factor weighs against allowing Plaintiffs additional time to designate a new medical expert.  Plaintiffs have not established good cause for their failure to designate an appropriate expert prior to the deadline.  Dr. Dulske has been Cleveland's treating physician since 2006.  Plaintiffs filed this lawsuit in March of 2009 and thereafter received four extensions of the expert designation deadline, with the final deadline being December 1, 2009 - a deadline that Plaintiffs inexplicably missed by one day even with regard to Dr. Dulske and their rehabilitation expert.  Thus, Plaintiffs clearly had ample time to review Dr. Dulske's medical records and to confer with him in order to ascertain the nature of his opinion as to the causal connection between Cleveland's fall and his pain and limitations.  The second factor, however, weighs in favor of Plaintiffs' motions, as expert medical testimony as to causation is certainly important to Plaintiffs' case.  As to the prejudice to Defendant of allowing Plaintiffs to "start over" with regard to their medical expert, the court concludes that this can be cured by a continuance and by the award of costs and fees to Defendant.  Such an award is particularly appropriate in this case because of Plaintiffs' inability to offer a reasonable explanation as to their failure to apprehend the substance of Dr. Dulske's medical opinion at a far earlier stage of this litigation.

     Essentially the same analysis applies to Plaintiffs' motion for leave to designate out of time an economist who would opine as to the present value of Eddie Cleveland's future

lost earnings. Plaintiffs attempt to explain their failure to make a timely designation of an economist by claiming that they relied upon a case in the Northern District of Mississippi in which the judge held that a plaintiff does not have the burden of presenting expert testimony on the present worth of future damages. This attempt at an explanation is patently specious: Plaintiffs admit elsewhere in their motion that they did not become aware of the Northern District opinion until *after* their last expert designation deadline had expired. They have offered no explanation as to why no designation was made *prior* to the deadline. Nevertheless, because of the importance of this testimony to Plaintiffs' case, and because most of the potential prejudice to Defendant can be avoided by the granting of a continuance and the awarding of sanctions, the court has concluded that the better course is to allow the late designation.

Accordingly, Plantiffs' motions for leave to designate a medical expert and an economist out of time are hereby granted. Such designations shall be made within seven days of entry of this order. Defendant shall have 30 days thereafter to designate any rebuttal experts. As a sanction for Plaintiffs' failure to provide any good cause for their failure to meet the prior deadlines for expert designations, Plaintiffs shall pay to Defendant those costs and expenses set forth above. Defendants shall submit to the court within 14 days an itemized statement of the those fees and costs already incurred. They shall likewise submit to the court statements for any future fees and costs as described above.

The discovery deadline is hereby extended through July 16, 2010 for the limited purpose of conducting discovery regarding the newly-designated experts. The motion

deadline is extended through August 16, 2010.  This matter is set for trial during a term commencing January 18, 2011.  The pretrial conference will be held on December 3, 2010.

SO ORDERED this the 20th day of May, 2010.

/s/ F. Keith Ball<br>UNITED STATES MAGISTRATE JUDGE