IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EDDIE CLEVELAND and
ELLEN CLEVELAND                                                                                         PLAINTIFFS

V.                                                                       CIVIL ACTION NO.: 3:09-cv-142-DPJ-FKB

WAL-MART STORES, INC.                                                                                    DEFENDANT

ORDER

This slip-and-fall case is before the Court on Plaintiffs' Motion for New Trial [121]. Defendant Wal-Mart Stores, Inc. ("Walmart") responded in opposition, and the time has passed for the Clevelands' reply. Having fully considered the premises, the Court finds that the Motion should be denied.

There is no dispute that Plaintiff Eddie Cleveland, while Wal-Mart's business invitee, slipped in a substance that had dripped from a trash bag being moved by Wal-Mart's employee Jonathan Bridges. Bridges testified that he removed the bag from a trash can but before attempting to move it, he let the bag sit for a few minutes and then checked to see whether it was leaking. When he saw no leak, he loaded the bag on a cart and began to pull the cart through the store. Unfortunately, the bag sprang a leak, and almost immediately thereafter Eddie Cleveland entered the store, slipped, and reinjured his left knee. There is no dispute that Cleveland was injured in the fall. After the Court denied Wal-Mart's summary judgment Motion [64], the case proceeded to trial. On the fourth day of trial, the jury returned a verdict in favor of Wal-Mart, finding no liability. The Clevelands now seek a new trial under Rule 59 of the Federal Rules of Civil Procedure. Wal-Mart argues that the Clevelands are procedurally barred from seeking a new trial, or alternatively, that the verdict is supported by the evidence.

A.  Waiver

Wal-Mart contends that the Clevelands waived their right to seek new trial based on the sufficiency of the evidence, having failed to ever seek judgment as a matter of law (JMOL) under Rule 50(b).  There is some support for this argument, but the issue is not subject to quick analysis.  *Compare Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 995 (5th Cir. 2008) (affirming denial of post-trial motion for new trial and holding that, because the non-prevailing party failed to raise Rule 50 motion for JMOL before the case went to the jury, sufficiency of evidence evaluated under plain-error standard, and judgment reversed only if result is "manifest miscarriage of justice") (citations and quotations omitted); *and Scott v. Hanson*, 330 F. App'x 490 (5th Cir. 2009) (citing *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001)) (same), *with Wallace v. Flintco Inc.*, 143 F.3d 955, 968 (5th Cir. 1998) (stating in dicta that when party fails to seek JMOL pre-verdict, "the claimant must depend on the plain error standard for review or move for a new trial under Rule 59") (citing 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2539 (2d ed. 1995)).

Wal-Mart's Response to Plaintiffs' post-trial Motion relies exclusively on Moore's *Federal Practice*, section 50.02 and offers no analysis of Fifth Circuit precedent.  *See* Def.'s Resp. [123] at 3.  The Clevelands offered no reply to Wal-Mart's memorandum and thus provide no analysis at all.  At a minimum, the Clevelands waived their right to seek JMOL, and it may be that they will be limited to plain-error analysis on appeal.  Regardless, the Court needed not expend further resources fine-tuning the analysis as the evidence was sufficient to deny new trial under the Rule 59 standard.

B.  The Merits

Rule 59 "confirms the trial court's historic power to grant a new trial based on its

appraisal of the fairness of the trial and the reliability of the jury's verdict." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985). The rule does not delineate the necessary grounds to support such an order, stating only that a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Here, the Clevelands assert that the verdict of no liability is against the weight of the evidence.

"In making a determination that the verdict is against the weight of the evidence, the court weighs all the evidence and need not view it in the light most favorable to the nonmoving party." *Beckham v. La. Dock Co.*, 124 F. App'x 268, 270 (5th Cir. 2005) (citing *Smith*, 773 F.3d at 613). But "[a] motion for a new trial should not be granted unless the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence." *Id*. (citing *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838–39 (5th Cir. 2004)). Verdicts should not be set aside merely because a "jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Cities Serv. v. Launey,* 403 F. 2d 537, 540 (5th Cir. 1968) (citing *Tennant v. Peoria & Pekin Union R.R.*, 321 U.S. 29 (1944)).

Mississippi law applies to this diversity action and provides a necessary backdrop for deciding whether the verdict was against the great weight of the evidence.[1] Because Eddie Cleveland was a business invitee, Wal-Mart owed a duty of reasonable care in keeping the premises in a reasonably safe condition. *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197,

---

[1]The Clevelands rely on *Carr v. Wal-Mart Stores,* 312 F. 3d 667 (5th Cir. 2002) to support their Motion. In *Carr*, the Fifth Circuit affirmed a new trial order in a premises-liability case where there was evidence that the store's employee caused the accident. But *Carr* was decided under Louisiana law, and there was no evidence of reasonableness on the part of the employee in *Carr*. *Carr* does not, therefore, control.

1199 (Miss. 2008). "While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care, to maintain its premises is a reasonably safe condition." *Id*. (citations omitted).

> That duty includes not only the duty to keep its premises in a reasonably safe condition, but the duty to warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises.

*Id*. at 1199–200. Mere proof of injury does not establish liability. *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966). "When reasonable minds might differ," the question of negligence is "generally for determination of [a] jury." *Hankins Lumber Co. v. Moore*, 774 So. 2d 459, 464 (Miss. Ct. App. 2000) (citations omitted).

In this case, the Clevelands contend that the jury's verdict was against the great weight of the evidence because Bridges admits creating the condition that caused Cleveland's fall. They argue that Bridges should have (1) placed in the bag in a buggy with a solid bottom; (2) pushed rather than pulled the buggy; and (3) used a route outside the store to carry the bag to the compactor. Certainly a reasonable jury could find that these acts constituted negligence, and it was for this reason that Wal-Mart's Motion for Summary Judgment failed. But other unrebutted evidence must be considered.

First, Bridges testified that he left the bag alone for several minutes after removing it from the can and then checked for leaks before placing it in the cart. Pl.'s Mot. [121] Ex. A at 5. Second, there was no evidence of a solid bottom buggy in the store at that time. *Id*. at 8. Third, Bridges testified that he was trained to pull the carts because pushing them around blind aisles would be "unsafe for the customers." *Id*. at 11. Fourth, as to the external route to the trash compactor, Bridges testified that it was quicker to go directly to the compactor and that he would

have had to reenter the store somewhere anyway because the hole for the trash compactor is inside. *Id*. at 7.[2] Finally, there is no dispute that Bridges had only walked about 20 feet before he discovered the spill, *id*. at 9, and that by the time he did, Eddie Cleveland had already fallen, *id.* at 15–16. Bridges testified that he had no time to remove the hazard or warn Cleveland. *Id*. at 16.

It is worth repeating that the premises owner is not strictly liable for all injuries occurring on its property. That is to say, it is not the insurer of its business invitees' safety. *Pigg*, 991 So. 2d at 1199. Wal-Mart was charged with the duty of reasonable care. While reasonable minds could differ, the evidence was sufficient to support the verdict. The Clevelands' Motion is therefore DENIED.

**SO ORDERED AND ADJUDGED** this the 12th day of April, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] It was not entirely clear from this testimony where the other entrances were located.